McFETRICH v. WOODROW & a.

A person not the payee of a promissory note, who writes his name on the back before it is negotiated, is liable as maker, not as endorser, although his signature was for the accommodation of the payee, and the payee, at the time of negotiating it, endorses it above such signature.

ASSUMPSIT, on a promissory note of the defendant Woodrow, endorsed by the defendant Jameson, dated October 27, 1886, and payable to the order of E. H. Williams, four months after date. Facts found by the court.

The note is an accommodation note made by Woodrow, and endorsed by Jameson for the benefit of Williams, at his request. January 1, 1887, the plaintiff took the note of Williams in good faith, for an adequate consideration, and without notice that it was an accommodation note. When the note was exhibited to the plaintiff, Jameson's name was on it; and at the time of its delivery to the plaintiff, Williams endorsed his name above that of Jameson. Jameson was not notified of the non-payment of the note until June, 1889.

*Thomas F. Johnson* and *Ladd & Fletcher*, for the plaintiff.

*Jason H. Dudley* and *Ossian Ray*, for the defendant Jameson.

ALLEN, J. The note was not a valid contract until it was negotiated and delivered to the plaintiff for value. Jameson was not entitled to notice of non-payment. He was liable to the plaintiff,

not as endorser, but as maker. *Martin* v. *Boyd*, 11 N. H. 385; *Benton* v. *Willard*, 17 N. H. 593; *Currier* v. *Fellows*, 27 N. H. 366; *Phillips* v. *Johnson*, 64 N. H. 393, 400. On the facts found, it is immaterial that, for the purpose of giving the plaintiff title to the note, Williams endorsed it above the name of Jameson.

*Judgment for the plaintiffs.*

SMITH, J., did not sit: the others concurred.